# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAMARA THOMPSON; and DISABLED RIGHTS ACTION COMMITTEE (a Utah non-profit corporation),<br><br>    Plaintiffs,<br><br>vs.<br><br>RANCHO DEL NORTE VILLAS, INC., a Nevada corporation; GOHRES CONSTRUCTION CO., a Nevada corporation; WILLIAM L. GOHRES; MARC GOHRES; T. ALLEN THOMPSON; MICHAEL E. TURK; DOES I through X; and ROE ENTITIES I through X,<br><br>    Defendants. | 2:05-CV-0156-ECR-PAL<br><br>**ORDER** |

Defendant Michael E. Turk (Turk) has filed a Motion for Attorneys' Fees and Costs (#40) against Plaintiffs. Plaintiffs have opposed the Motion (#45) and Turk has filed a reply (#47) in support of the Motion.

As a prevailing Defendant, Turk seeks relief under 42 U.S.C. § 3613(c)(2). Award of attorneys' fees and costs to prevailing defendants in Fair Housing Act cases is read in the light of Title VII and 1983 jurisprudence to require that the plaintiff's claim was frivolous, meritless, unreasonable, vexatious, without foundation, or groundless, or if plaintiff continued to litigate after the claim clearly became so. The Rule applies even though the action is not brought in subjective bad faith.

The fact that plaintiff may lose the case is an insufficient basis in and of itself to justify award of attorneys' fees and costs to a defendant. The burden of proof placed on a defendant to obtain an award of attorneys' fees is a difficult one to meet. One Ninth Circuit panel has stated that such fees should be awarded only in exceptional circumstances. There are reasons for setting a high burden for awards of such fees and costs to prevailing defendants in cases of this sort, including Congress policy of promoting vigorous private prosecution of violation of such rights; the public policy of protecting such rights; the fear that such awards will chill their enforcement; although it is not a determinative factor, the plaintiffs' possible indigence or inability to pay such fees and costs; and that plaintiff may be a not for profit organization seeking to enforce rights of this sort.

Some examples provided by courts of such unreasonable or frivolous claims are where the action lacks factual substance; reasonable inquiry was not made; there is no evidence to support the claims; or the claims are insufficient as a matter of law.

There is no substantial factual dispute here and hence we focus on Turk's allegation that the claims were clearly insufficient as a matter of law and that Plaintiffs' counsel was on notice of that fact and, yet, continued to litigate the case.

While we have adopted what we believe to be the more reasonable interpretation of the statute of limitations, one that is almost universally supported by persuasive decisions in other courts, we note that there is no binding precedent in support of our decision. The Ninth Circuit has yet to decide the issue and no cases from other

circuits confirming or rejecting our view are presented by the parties.

Yet we do not find it merely frivolous or unreasonable to read the continuing violations doctrine into the applicable statute of limitations, 42 U.S.C. § 3613(a)(1)(A). The phrase in the statute, "the termination of an alleged discriminatory housing practice," might be read to incorporate Plaintiff's interpretation, i.e. that construction discriminates on a continuing basis until altered or modified. While this may strain the use of word "practice" in the statute, we do not consider the interpretation unreasonable.

We find little merit in the contention by Plaintiffs that the HUD Manual permits a complaint to be filed at any time in the district court where the building continues to be in noncompliance. The cited part of the Manual appears quite clearly to refer to the filing of complaints with the Secretary of HUD, rather than the filing of a complaint in the court, which is covered in a separate passage in the Manual.

However, the language of the Manual that "because the discriminatory housing practice – failure to design and construct the building in compliance – does not terminate", while not binding in this court or of substantial persuasive value in deciding the case, offers some basis for Plaintiffs to argue that HUD may be adopting a continuing violation theory to which the court ought to defer. It is at least enough to suggest that Plaintiffs' position is not merely frivolous or unreasonable or that it is not a clear "given" that the continuing violation doctrine would not apply in this case. This passage in the Manual suggests that Plaintiffs' attorneys could continue to litigate the case without fear of award of attorneys'

fees, even if they lost, in spite of the myriad of court cases holding against them on this issue.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant Turk's Motion (#40) for Attorneys' Fees and Costs is **DENIED**.

DATED:    January 11, 2006.

_____
UNITED STATES DISTRICT JUDGE